IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARSHALL LOSKOT,

    Plaintiff,

v.

D & K SPIRITS, LLC, a California Limited Liability Company, dba HANDI-SPOT MARKET, KULDIP SINGH THANDI BHINDA SINGH, and DOES ONE through FIFTY, inclusive,

    Defendants.

2:10-cv-0684 WBS DAD

FINDINGS & RECOMMENDATIONS

    This matter came before the court on September 3, 2010, for hearing on plaintiff's motion for default judgment (Doc. No. 20). Jason K. Singleton, Esq. appeared telephonically for plaintiff. No appearance was made on behalf of any of the defendants. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted as set forth below.

**PROCEDURAL BACKGROUND**

    Plaintiff Marshall Loskot initiated this action under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213; the California Unruh Act, California Civil Code § 51 et seq.; California Civil Code § 54 et seq.; and California Health and Safety Code §

1

19955, by filing a complaint on March 22, 2010. Plaintiff's complaint seeks damages, prejudgment interest on compensatory damages, costs of suit, attorney fees, and injunctive relief.

Despite being served with process,[1] defendants D & K Spirits, LLC, Kuldip Singh Thandi, and Bhinda Singh have failed to appear in this action. Pursuant to plaintiff's request filed June 2, 2010 (Doc. No. 8), the Clerk of the Court entered default against the defendants on June 3, 2010 (Doc. No. 9). All defendants were served with a copy of the Clerk's Certificate of Entry of Default by mail on June 8, 2010. (Doc. No. 10). In accordance with Local Rule 302(c)(19), plaintiff filed his motion for default judgment and noticed it for hearing before the undersigned. Despite being served with all papers filed in connection with the motion (Doc. No. 11), there was no opposition filed nor appearance made on behalf of any of the defendants.[2]

/////
/////

---

[1] On March 26, 2010, process was served on defendant D & K Spirits by delivery to the adult person apparently in charge at the business address of the defendant's agent for service and copies of the documents were mailed to the registered agent on March 30, 2010. (Doc. No. 5.) On April 8, 2010, process was served on defendants Kuldip Singh Thandi and Bhinda Singh by delivery to a competent member of the household at the defendants' residence and copies of the documents were mailed to the defendants on April 13, 2010. (Doc. Nos. 6 & 7.)

[2] While the defendants in this case were served by plaintiff with both the Clerk's entry of default and the motion for entry of default judgment, such service generally is not required. See Fed. R. Civ. P. 55(b)(2) (requiring that written notice of an application for default judgment be served upon a party against whom judgment is sought only if the party "has appeared personally or by a representative"); Local Rule 135(d) (excusing parties from serving copies of filed documents "upon parties held in default for failure to appear unless the document involved asserts new or additional claims for relief against such defaulting parties"). Plaintiff's motion for default judgment suggests that on April 26, 2010, soon after service of process was effected, plaintiff's counsel engaged in a telephone conference with a "Mr. Sahotoas" regarding settlement of the matter and that plaintiff's counsel drafted a settlement agreement which was emailed to Mr. Sahotoas on April 28, 2010, after counsel conferred with his client. (Pl.'s Mot. for Default J. (Doc. No. 13), Ex. A.) On May 27, 2010, counsel apparently followed up with an email to Mr. Sahotoas "requesting Answer or signed settlement agreement or default to be taken." (Id.) In light of these informal contacts, plaintiff properly served his default judgment motion on the defaulted defendants. See Wilson v. Moore & Associates, Inc., 564 F.2d 366, 368-69 (9th Cir. 1977) ("No party in default is entitled to 55(b)(2) notice unless he has 'appeared' in the action. The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court. In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit.").

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing.  See Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion, see Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-05[2], at 55-24 to 55-26).

**ANALYSIS**

According to the unverified complaint filed March 22, 2010, plaintiff is a physically handicapped person, a physically disabled person, and a person with a disability, as those terms are defined in the federal and state statutes pursuant to which this action has been filed.  (Compl. ¶ 7.)  Plaintiff alleges that he "is severely limited in the use of his legs."  (Id.)

1          The Handi-Spot Market is a grocery store located in Anderson, California.  (Id. ¶ 5.)  Plaintiff alleges that defendants D & K Spirits, Kuldip Singh Thandi, and Bhinda Singh operate the Handi-Spot Market and have failed to provide barrier-free access to the store in the following ways:  (1) the store's parking lot lacks a van-accessible parking space and access aisle, tow-away signage at the entrances to the lot, Van Accessible signage, and International Symbol of Accessibility (ISA) signage; (2) the entrance to the store lacks a level landing and there is no International Symbol of Accessibility at the entrance; and (3) the aisles in the store are blocked by boxes and merchandise, making the aisles too narrow for wheelchair mobile customers.  (Id. ¶ 6.)  Plaintiff alleges that defendants interfered with his access to the Handi-Spot Market on or about November 19, 2009, February 5, 2010, and February 18, 2010, when he visited the store to buy refreshments and liquor and encountered all of the barriers listed above.  (Id. ¶¶ 14 & 17 (citing ¶ 6).)  Plaintiff lives forty-seven minutes from the store but regularly travels to Anderson for pleasure and business and intends to return to the Handi-Spot Market when the store is made accessible.  (Id. ¶ 15.)

          Plaintiff's complaint alleges causes of action under Title III of the ADA, California Health and Safety Code § 19955 et seq., California Civil Code §§ 54, 54.1, and 54.3, and California Civil Code §§ 51 and 51.5.  (Id. ¶¶ 20-71.)  The complaint seeks injunctive relief (1) requiring defendants to "establish a non-discriminatory criteria policy, practice and procedure permitting entry" into the grocery store, (2) requiring defendants to "repair and render safe to disabled persons" all public areas of the facility, and (3) prohibiting operation of the grocery store as a public facility until defendants provide full and equal enjoyment of the facility to disabled persons.  (Id., Prayer for Relief ¶ 1.)  Plaintiff also seeks general and special damages according to proof; statutory and actual damages, trebled under California Civil Code §§ 52 and 54.3; prejudgment interest on all compensatory damages; "Remedies and Procedures" available under §§ 107, 203 and 308 of the ADA; and reasonable attorney fees and costs.  (Id., Prayer for Relief ¶¶ 2-7.)

1  Weighing the factors outlined in Eitel v. McCool, 782 F.2d at 1471-72, the
2  undersigned has determined that default judgment against the defendants is appropriate.  The
3  defendants have made no showing that their failure to respond to the complaint is due to
4  excusable neglect.  On the present record, due to the defendants' default, there is no reason to
5  doubt the merits of plaintiff's substantive claims and no apparent possibility of a dispute
6  concerning the material facts underlying the action.  Through the instant motion, plaintiff seeks
7  specific injunctive relief related to the nature of his disability, the minimum amount of statutory
8  damages for a single actual visit to the property at issue, and attorney fees and costs.  Although
9  plaintiff's complaint is largely boilerplate, it is sufficient to support the requested relief.  Because
10 each of these factors weighs in plaintiff's favor, the undersigned, while recognizing the public
11 policy favoring decisions on the merits, will recommend that default judgment be granted.

12 After determining that entry of default judgment is warranted, the court must next
13 determine the terms of the judgment.  Consistent with the allegations and prayer in the complaint,
14 plaintiff seeks the creation of a van-accessible disabled parking space and access aisle, along
15 with the signage required by the Americans With Disabilities Act of 1990 (ADA), the Americans
16 With Disabilities Act Accessibility Guidelines (ADAAG), and California Code of Regulations
17 Title 24 (Title 24).  Plaintiff also seeks the creation of an accessible main entrance to the store by
18 construction of a level landing that complies with the ADAAG and Title 24, along with signage
19 required by Title 24.  Finally, plaintiff seeks the creation of accessible aisles in the store by
20 removal of boxes and merchandise that block wheelchair access.  The court finds that plaintiff is
21 entitled to the injunctive relief requested pursuant to federal and state law.  The court finds
22 further that plaintiff is entitled to the requested total of $4,000 in damages under his state law
23 cause of action pursuant to California Civil Code § 52(a) based upon one actual encounter with
24 unlawful architectural barriers.  See Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1133 (C.D. Cal.
25 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual
26 damages but no less than $4,000 for each instance of discrimination")).

Under 42 U.S.C. § 12205, a party that prevails on claims brought under the ADA may recover reasonable attorney's fees and costs, in the court's discretion. The fee award is calculated by using the lodestar method, i.e., by multiplying the hours reasonably spent litigating the case by a reasonable hourly rate. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1146-48 (9th Cir. 2001). A reasonable hourly rate is determined by applying the twelve "Kerr factors" outlined in Morales v. City of San Rafael, 96 F.3d 359, 363 n.8 (9th Cir. 1996). The factors are as follows:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

96 F.3d at 363 n.8. Once the lodestar amount is calculated, it is presumed reasonable and adjustments upward or downward are disfavored. 244 F.3d at 1149 n.4; 96 F.3d at 364.

Here, plaintiff requests attorney fees at an hourly rate of $385.00 for 17.3 hours of work,[3] which yields a total attorney fee award of $6,660.50. Plaintiff requests costs as follows: $350.00 for the case filing fee, $197.38 for service of process, and $27.61 for review of city building records, for a total of $574.99. The combined total sought for fees and costs is $7,235.49. See Pl.'s Mot. for Default J. (Doc. No. 13), Ex. A. Plaintiff's motion does not address or offer support for the requested hourly rate for attorney fees. At the hearing of the motion, counsel stated in response to the court's inquiry that he has worked in the ADA field for fifteen years and has been awarded "almost that" rate in the District of Nevada and the United

---

[3] Plaintiff's motion for default judgment includes an itemized list of costs and detail regarding the 17.3 hours counsel declares that he spent on the case, leaving the court to do the calculation in order to discover that the rate sought by plaintiff's counsel is $385 per hour.

States District Court for the Northern District of California.  The court directed counsel to submit a supplemental declaration for its consideration.

Counsel's timely supplemental declaration reflects that counsel has practiced exclusively in the federal courts of California and Nevada for more than eleven years and has limited his practice to ADA advocacy for over 10 years.  (Decl. of Jason K. Singleton dated Sept. 8, 2010 (Doc. No. 15) ¶¶ 1-3.)  Counsel offers a copy of the Declaration of Richard M. Pearl submitted in litigation in the San Mateo County Superior Court, surveying hourly rates for attorney fees in the mid-1990's, and argues that as long ago as the mid-1990's the rates charged by highly experienced counsel exceeded the fees plaintiff's counsel seeks in the present case. (Id. ¶ 5 & Ex. B.)  Counsel also offers a copy of a court order in an Alameda County Superior Court case awarding attorney fees to San Francisco Bay Area attorneys at rates of $435.00 and $325.00 per hour.  (Id. ¶ 6 & Ex. C.)  Counsel's Exhibit D is a copy of an order issued in the United States District Court for the Northern District of California denying a motion to dismiss an ADA case in which plaintiff's counsel represented the plaintiff, apparently provided here in order to demonstrate counsel's expertise.  (Id. ¶ 8 & Ex. D.)  According to counsel's declaration, Exhibits E and F reflect attorney fee awards to him in the District of Nevada at a rate of $275 per hour in 2002 and in the United States District Court for the Central District of California at the rate of $350.00 per hour in 2005.  (Id. ¶¶ 9-10 & Exs. E & F.)  However, Exhibit E in fact reflects that the court in that case determined that rates of "175.00 for Mr. Singleton and $275.00 for Mr. Kirby are reasonable."  (Id. Ex. E at 9.)  Moreover, the court is unable to find in Exhibit F to counsel's supplemental declaration  any reference to the actual hourly rate approved by the U.S. District Court for the Central District of California.

Courts generally calculate reasonable hourly rates according to the prevailing market rates in the relevant legal community.  Blum v. Stenson, 465 U.S. 886, 895 (1984).  It is also the general rule that the court will use the rates of attorneys practicing in the forum district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1993).  The burden is on the applicant to

produce satisfactory evidence that the requested rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 895 n.11.  Here, plaintiff has provided information about hourly rates in the District of Nevada, in California state courts in the San Francisco Bay Area, and in every district court in California except the Eastern District of California, which is the forum district.  In addition, none of the cases relied upon by plaintiff addressed attorney fees in the context of a default judgment.  The court's research appears to reflect a prevailing rate of $250 per hour in the Sacramento division of the Eastern District of California for similar services by lawyers of reasonably comparable skill, experience, and reputation.  See Robinson v. Padilla, No. 2:07-cv-1072-GEB-KJM, 2008 WL 956166 at *1 (E.D. Cal. Apr. 8, 2008) (awarding attorney fees at an hourly rate of $250 in an ADA case in which the plaintiff obtained default judgment); Garcia v. Tariq, No. 2:06-cv-00826-MCE-EFB, 2007 WL 2492614 at *3 (E.D. Cal. Aug. 30, 2007) (citing four Eastern District cases and finding the requested rate of $250 per hour reasonable in an ADA case where the plaintiff's counsel obtained a default judgment).  While a rate of $350 per hour was determined in a recent ADA case in the Fresno Division of this court, the rate appears to have been based on rates determined in cases other than ADA cases and in contexts other than those in which a default judgment was obtained.  Delgado v. Mann Brothers Fuel, Inc., No. 1:10cv0720 AWI DLB, 2010 WL 5279946, at *4 (E.D. Cal. Dec. 13, 2010).

        In the present case, it appears that relatively little time and labor were required to obtain default judgment, and plaintiff's counsel was not confronted with novel or difficult questions.  While counsel is experienced and skill was required to perform the legal service properly, counsel was not precluded from other employment while expending less than twenty hours on this case over a mere six-month period.  Although counsel's customary fee may be "almost" $395 in other fora, counsel has failed to demonstrate that such a rate is the prevailing rate in this forum for cases such as this one.  Counsel has provided no information about his fee arrangement with plaintiff, about any time limitations imposed by the client or the circumstances,

or about the nature and length of his professional relationship with the plaintiff.  The amount of statutory damages sought by the complaint was $16,000 but only $4,000 has been requested on default judgment, and the primary relief sought is injunctive.

Based upon consideration of all of the Kerr factors, the undersigned finds that an hourly rate of $250.00 is reasonable in this case.  The number of hours documented by plaintiff's counsel is reasonable, and the undersigned will therefore recommend that the district court grant default judgment and award all injunctive relief requested, attorney fees of $4,325.00 (17.30 hours times $250.00), and $574.99 in costs.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 7, 2010 motion for default judgment against defendants D & K Spirits, LLC, Kuldip Singh Thandi, and Bhinda Singh (Doc. No. 11) be granted;

2. Plaintiff be awarded statutory damages in the amount of $4,000.00;

3. Plaintiff be granted an injunction requiring defendants D & K Spirits, LLC, Kuldip Singh Thandi, and Bhinda Singh to install at the subject property a van-accessible disabled parking space with an accessible aisle leading to an accessible main entrance, with proper signage in the parking lot and at the entrance to the store, and also requiring defendants to create accessible aisles in the store by removing boxes and merchandise that block wheelchair access, all to the extent required by the ADA, ADAAG, and California Code of Regulations Title 24; and

4. Plaintiff be awarded attorney's fees in the amount of $4,325.00 and costs in the amount of $574.99.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy of the objections on all parties.  Any reply to

1  objections shall be filed and served within seven days after the objections are served. The parties
2  are advised that failure to file objections within the specified time may, under certain
3  circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951
4  F.2d 1153 (9th Cir. 1991).
5  DATED: February 14, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\loskot0684.oah.mdj.f&r